*180 The opinion of the Court was delivered by
WhitNBR, J.
The appellant insists there was no binding contract in this case, and relies on the evidence to establish the fact that the intestate was non compos mentis. He was not a lunatic declared by inquisition found — his contracts are presumed to be valid, being voidable only. In this instance it was advantageous and beneficial to him. The service rendered was indispensable to his comfort, if not to his very existence. The law will therefore rather sanction than repudiate such a contract, and imply a promise to pay for such a service unless there be some other objection.
It has been urged that the service was intended as a gratuity, and should not now be converted into a charge. This view is pressed, upon the ground that the destitution of the intestate was so entire as to have rendered hopeless all prospect of payment when the service was performed. This would be a strange application of the rule, if-not a perversion of the principle. The same view is thought to be authorized by the existing relationship, but in fact the verdict of the jury is quite a sufficient response.
Failing in this, the higher ground is urged that the plaintiff was bownd in law to support the intestate, being a father-in-law. But in this State the husband is not liable for the maintenance of the parents of the wife, who are paupers. He is neither liable at common law, nor is he embraced in any of the relations designated in the Act imposing such liabilities. 2 Bail. 320.
The Statute of Limitations was relied on, and is again pressed upon our consideration. The bar of the statute did greatly reduce the amount of the verdict manifestly, but the acknowledgment of the debt, when the account was presented for payment, in June or July, 1851, was quite sufficient to arrest the statute, for a new term, in the opinion of the jury, and, we think, very properly. When an agent for plaintiff presented the demand, the defendant “ expressed his willing *181 ness to pay,” and “ made no objection to paying tbe account.” Tbis, as tbe President Judge instructed tbe jury, was not sufficient to revive any portion of tbe demand then already barred by tbe statute, and to tbis instruction tbe jury evidently conformed. I do not consider it necessary to follow tbe argument founded on authorities as to tbe necessity of a distinct promise to revive a debt where tbe bar is complete, or as to incapacity of an administrator to hind anew tbe estate be represents by any promise in bis representative character. No principle to be deduced from such a state of things has been brought to bear in tbe case, or violated by tbe verdict.
Tbe evidence, in tbe opinion of tbis Court, well justifies tbe verdict. •
Tbe motion for a new trial is dismissed.
O’Neall, Glover, and Muítro, JJ., concurred.
Wardlaw;, J., absent, bolding Circuit Court in Charleston.
Withers, J., absent from indisposition.

Motion dismissed.